UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                         Plaintiff,                      **REPORT AND**
                                                                 **RECOMMENDATION**
      - v -

                                                                 CV-01-693 (DLI)(VVP)

SIMPSON BOROUGH PLACE CORP., et al.,

                        Defendants.
-----------------------------------------------------------x

The government has moved for a default judgment against a non-answering party, Club Casino Corp., in this mortgage foreclosure action, and Judge Irizarry has referred the motion to me for a report and recommendation. For the reasons that follow, I recommend that the court enter a default judgment in strict foreclosure granting, with minor exceptions, the relief sought in the complaint.

## FACTUAL BACKGROUND

The government brought this action in 2001 on behalf of the Small Business Administration seeking foreclosure with respect to certain real property located at 26-44 Borough Place, Queens, New York. In June 2002, the court entered a Judgment of Foreclosure and Sale and the property was subsequently sold at auction for $1.7 million on October 21, 2005. Declaration In Support of Entry of Default Judgment, Dec. 16, 2005, (hereinafter the "Young Declaration") at ¶¶ 2-3. The government subsequently learned, however, that Club Casino Corp. might be a leaseholder under an agreement with the former owner of the property, Simpson Borough Place Corp. *Id.* ¶ 4. As Club Casino Corp. was not named as a defendant in the initial complaint, the government served and filed an amended complaint naming that entity

as a defendant, and seeking an order fixing the rights of Club Casino with respect to the subject property. Amended Complaint at p. 4.

According to an Affidavit of Service filed in the record,[1] the amended complaint was served on the defendant Club Casino by a licensed process server on November 22, 2005. The defendant Club Casino thereafter failed to plead or otherwise respond to the amended complaint, and the clerk of the court noted the default of the defendant on January 11, 2006.

## DISCUSSION

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound judicial discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. N.Y. State Department of Civil Services,* 168 F.3d 610, 615 (2d Cir. 1999), *quoting Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). When deciding whether to enter default the court considers various factors, including (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect default would have; and (8) whether the court believes it later would be obligated to set aside the default on defendant's motion. *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 *citing* Moore's Federal Practice § 55.20 {2}{b} (3d ed. 1999). In civil actions, when a party fails to appear after

---

[1] The Affidavit of Service is misdocketed as "Clerk's Entry of Default" at docket entry 42.

given notice, the court normally has justification for entering default. *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984).

The affidavit of the process server establishes that service of the summons and amended complaint in this action was made upon the defendant by delivery in hand to a manager of the defendant. Such method of service is authorized by Rule 4(h)(1) of the Federal Rules of Civil Procedure. The defendant has failed to interpose an answer, or otherwise respond to the complaint, and has not responded to the government's application for default. The grounds for default are therefore clearly established, and there is no reason for believing the default is based on a good-faith mistake or technicality. *See Cablevision Systems New York City Corporation v. Leach*, 2002 WL 1751343, at *2 (S.D.N.Y. July 26, 2002) (default willful where defendant never responded to complaint, appeared or explained default). Finally, based on the defendant's inaction, it is unlikely that the court will be compelled at some future date to enter an order vacating the default judgment. Judgment by default should therefore be granted so long as liability and the right to the requested relief are appropriately established.

By virtue of the defendant's default, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiff's damages. *See, e.g., Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Thus, the court accepts as true the allegation that the government was unaware of the potential interest of the defendant in the subject property until after the foreclosure sale authorized by the court's prior Judgment of Foreclosure, and that the failure to name the defendant in the initial complaint was

therefore inadvertent and accidental and not due to fraud or wilful neglect. Amended Complaint, ¶¶ 7-8.

Once real property has been sold in a foreclosure sale, a party such as the defendant Club Casino which possesses a leasehold interest in the foreclosed property, but which was not named as a defendant in the foreclosure action, holds an equitable right of redemption in the property. *See, e.g., 6820 Ridge Realty LLC v. Goldman*, 263 App. Div. 2d 22, 28, 701 N.Y.S.2d 69, 73 (2nd Dep't 1999). This right may be extinguished, however, by a subsequent foreclosure action as authorized by section 1352 of the New York Real Property Actions and Proceedings Law. Specifically, section 1352 provides, in pertinent part,

> Where real property has been sold pursuant to a judgment in an action to foreclose a mortgage, and an action is thereafter brought to foreclose or extinguish a right of redemption in such real property, the judgment . . . shall fix the right of any person having a right of redemption therein . . . and shall provide that a failure to redeem . . . within such time shall preclude such person . . . from redeeming such property . . . , and thereafter such person shall be excluded from claiming any title or interest in such property and all title or interest of such person . . . in . . . such property shall thereby be extinguished and terminated.

N.Y. Real Prop. Acts. § 1352. The amended complaint constitutes an action to foreclose the defendant's right of redemption in accordance with this section.

The remedy sought by the government is consistent, for the most part, with the remedy authorized in section 1352. The amended complaint here seeks an order declaring that the defendant's right of redemption in the subject property be extinguished unless the defendant redeems the property, within a time period specified by the court, by paying a total of $1.71

million,[2] as well as all costs and expenses that have been incurred since October 21, 2005, the date of the foreclosure sale, and interest at the judgment rate. Amended Complaint, at p. 4. The requirement that the defendant pay $1.71 million to redeem the property appears to the court to be appropriate and within the contemplation of section 1352 above, since that is the amount the defendant would have had to bid to obtain the property and thus protect its leasehold from being extinguished at the time of the auction. The government has offered no explanation or legal authority, however, for imposing the further obligation to pay expenses and interest incurred since October 21, 2005 on the defendant. The government's failure to provide such authority deprives the court of information necessary to make the independent assessment required before awarding damages upon default. *See* Fed. R. Civ. P. 55(b)(2); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2nd Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Accordingly, the undersigned hereby recommends that a judgment in strict foreclosure be entered which forecloses whatever right of redemption the defendant may have in the subject property, unless the defendant pays the amount of $1.71 million and thus acquires the property. In light of the defendant's default, the court recommends that the time period to be provided to the defendant to exercise the right of redemption be limited to 10 days, unless for good cause shown the defendant obtains an enlargement.[3]

---

[2]This constitutes the amount for which the property was sold at auction, $1.7 million, *see* Young Declaration, at ¶ 3, plus an additional increment of $10,000, which was the apparently the minimum increment for a higher bid at the auction.

[3]The government should be required to submit an appropriate form of the order for entry by the court. It appears that a model for such a judgment may be found at 12B West's McKinney's Real Property Practice Forms § 17:272.

*	*	*	*	*	*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant by regular mail and file proof of such service in the record.**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:	Brooklyn, New York
		March 21, 2006